FILED
IN CLERK'S OFFICE
U S. DISTRICT COURT E.D.N.Y.

★ DEC 19 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LUIS TACURI, TIMOTEO CASTANEDA,

                Plaintiffs,

-against-

NITHUN CONSTRUCTION COMPANY,
NIRUL AMIN,

                Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-02908 (CBA) (RER)

**AMON, United States District Judge:**

## BACKGROUND

On May 8, 2014, Luis Tacuri and Timoteo Castaneda (collectively, "Plaintiffs") brought an action for damages against Nithun Construction Company and its principal Nirul Amin (collectively, "Defendants") for violations of the Fair Labor Standards Act and New York Labor Law. (D.E. # 1 ¶¶ 46–66.) On February 25, 2015, a default judgment was entered in favor of Plaintiffs in the amount of $59,097.43. (D.E. # 13.)

On May 21, 2019, Plaintiffs served on Defendants information subpoenas aimed at enforcing the default judgment; on May 24, 2019, Defendants acknowledged receipt of the subpoenas. (D.E. # 14; D.E. # 14-2.) On June 17, 2019, having received no response from Defendants, Plaintiffs moved to compel Defendants to provide responses to the subpoenas. (D.E. # 14.) Magistrate Judge Ramon Reyes granted Plaintiffs' motion to compel, ordering Defendants to respond to the information subpoenas by July 19, 2019. (D.E. dated June 27, 2019.) Judge Reyes warned that "[f]ailure to respond by [July 19, 2019] will result in the certification of facts to Judge Amon and a recommendation that defendants be held in contempt for violation of a court

1

order." (Id.) Plaintiffs were ordered to serve on Defendants a copy of that order, along with the previously served information subpoenas, by July 1, 2019. (Id.)

On July 23, 2019, still having received no response from Defendants, Plaintiffs moved to hold Defendants in contempt. (D.E. # 15.) In response, Judge Reyes ordered Defendants to show cause before this Court why a contempt order should not be issued against them "in such manner and/or in such amount as the Court deems just and proper (including any sanctions, arrest, and imprisonment) for their willful failure to comply with" the motion to compel. (D.E. # 16.) Plaintiffs served a copy of the show cause order on Defendants by personal service and filed proof of service on the docket. (D.E. # 17–20.)[1] In the order to show cause, Judge Reyes found that Plaintiffs had made out a prima facie case for contempt based on Defendants' failure to respond to the information subpoenas, despite having acknowledged receipt of them and having been compelled by court order to respond by a certain date. (D.E. # 16 at 4–5.)

On October 23, 2019, this Court held a show cause hearing. Despite being personally served with the order to show cause on two separate occasions, Defendants did not appear in Court at the designated time.[2] Because this Court agreed with Judge Reyes's conclusion that Plaintiffs met the contempt standard with respect to Defendants' failure to respond to the information subpoenas or motion to compel, and because, by failing to appear before this Court on October 23, 2019, Defendants also failed to comply with Judge Reyes's order to show cause, the Court granted Plaintiffs' motion for contempt. The Court directed Plaintiffs' counsel to advise the Court by letter of the specific contempt sanctions Plaintiffs seek.

---

[1] Due to a conflict in this Court's calendar, the show cause hearing was rescheduled from October 10, 2019, to October 23, 2019. (D.E. dated September 27, 2019.) Plaintiffs were required to, and did, serve Defendants with the order indicating the new date and time for the hearing. (Id.; D.E. # 22; D.E. # 23.)

[2] So far as this Court is aware, Defendants are not represented by counsel.

On December 4, 2019, Plaintiffs' counsel wrote to the Court proposing that the Court order the following relief:

(1) Order Defendants to pay Plaintiffs' attorneys' fees and costs, $3,137.50 and $404.10, respectively;

(2) Order Defendants to pay a fine of $100 per day until they comply with the motion to compel; and

(3) Order that Defendants be arrested and "haled into court to participate in the discovery process if their disobedience of the Court's orders continues past 30 days." (D.E. # 27.)

For the reasons stated below, the relief Plaintiffs request is granted in part, with modifications as stated herein.

## DISCUSSION

"The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004). Civil contempt sanctions "may not be imposed as a purely punitive measure." Id. (citing Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 5 (2d Cir. 1989)). "Importantly, in selecting contempt sanctions, a court is obliged to use the 'least possible power adequate to the end proposed.'" Leser v. U.S. Bank Nat'l Ass'n, 09-cv-2362 (KAM) (ALC), 2011 WL 1004708, at *11 (E.D.N.Y Mar. 18, 2011) (quoting Shillitani v. United States, 384 U.S. 364, 371 (1966)).

### I. Monetary Sanctions

Plaintiffs propose both compensatory monetary sanctions (attorneys' fees and costs) and coercive monetary sanctions (a $100 per diem fine). The Court considers each in turn.

3

## A. Compensatory Sanctions

To meet the compensatory goal of civil contempt, a district court "may award appropriate attorney fees and costs to a victim of contempt." See Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996). When deciding whether to award attorneys' fees and costs in the contempt context, courts look to the contemnor's willfulness. Id. The contemnor's disobedience is willful if the "contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." New York State Nat'l Org. for Women v. Terry, 952 F. Supp. 1033, 1044 (S.D.N.Y. 1997), aff'd, 159 F.3d 86 (2d Cir. 1998) (internal quotation marks omitted). Here, Defendants have willfully disobeyed the order to compel and the order to show cause. Plaintiffs served Defendants by mail with the order to compel, (D.E. # 15-1), and Plaintiffs served Defendants twice, in person, with the order to show cause, (see D.E. # 17–20, 22, 23). Defendants therefore had actual notice of both orders, never attempted to comply, and made no effort to have the orders modified; indeed, Defendants have not contacted the Court in any way since Plaintiffs initiated this action in 2014.

Having found that Defendants willfully disobeyed court orders, the Court must next consider the reasonableness of the proposed attorneys' fees. See Cordius Tr. v. Kummerfeld Assocs., 658 F. Supp. 2d 512, 524 (S.D.N.Y. 2009) (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983)). Plaintiffs' counsel, David Stein, has provided the Court with contemporaneous time records, showing that he worked 11 hours at a billable rate of $350 per hour. (D.E. # 27-1.) Because Mr. Stein billed some of his time (e.g., filing and travel) at a lower rate, the total amount requested is $3,137.50, rather than $3,850.

With respect to the hourly rate, this Court agrees with Judge Reyes's finding—in his order recommending that this Court grant default judgment in this case—that $350 per hour is a

reasonable rate for Mr. Stein, a partner at Samuel & Stein who has been licensed to practice law since 1990 and licensed to practice law in New York since 2000. (See D.E. # 10 (citing other courts in this District that have found the prevailing hourly rate for partners is $300 to $400).) In addition, Mr. Stein correctly billed his travel time at half rate. See Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 302 (E.D.N.Y. 2012).

The Court next reviews the number of hours Mr. Stein billed to this matter. Mr. Stein's billing records show that he spent a total of 8.2 hours on tasks related to the contempt motion and the show cause order and hearing. (D.E. # 27 at 1–3.) However, Mr. Stein also includes 2.8 hours, which he spent drafting the information subpoenas themselves and drafting and filing the motion to compel responses to those subpoenas. Because those 2.8 hours of work were not undertaken as a result of Defendants' willful disobedience of a court order (i.e., the order to compel or order to show cause), the Court declines to award attorneys' fees for that time.[3] The Court therefore awards $2,202.50 in attorneys' fees.[4]

Plaintiffs' counsel has also provided a list of his costs, totaling $404.10. (D.E. # 27-1.) However, aside from the service of process invoices, (D.E. # 27-2), Mr. Stein has not provided any receipts or other substantiation for the claimed expenses. The Court "cannot simply accept at face value the costs that plaintiff's counsel seeks . . . without additional supporting documentation for those costs." Piedra v. Ecua Rest., Inc., 17-cv-3316 (PKC) (CLP), 2018 WL 1136039, at *20 (E.D.N.Y. Jan. 31, 2018), report and recommendation adopted by 2018 WL 1135652 (E.D.N.Y.

---

[3] Plaintiffs' letter regarding remedies for Defendants' contempt does not contain an explanation as to why Plaintiffs are entitled to attorneys' fees for work that pre-dates Defendants' willful disobedience of a court order. Rather, Plaintiffs assert, citing no authority, that they are entitled to attorneys' fees incurred "in an attempt to secure responses to plaintiffs' information subpoenas." (D.E. # 27 at 1.)

[4] Mr. Stein billed a total of 2.6 hours at his full rate for work related to drafting the information subpoenas and the motion to compel. Mr. Stein also billed 0.2 hours, at a reduced rate of $125 per hour, for his time spent filing the motion to compel. (D.E. # 27-1 at 1.) His bill for that time totals $935, which, subtracted from the $3,137.50 requested, equals $2,202.50.

Feb. 28, 2018); see also Lee v. Santiago, 12-cv-2258 (PAE) (DF), 2013 WL 4830951, at * 14 (S.D.N.Y. Sept. 10, 2013) (request for costs such as postage and copying denied without substantiation). Therefore, the Court awards $339 in costs, which consists of the two service of process fees for which Plaintiff's counsel has provided invoices, but excludes the cost of postage and of Mr. Stein's travel to and from the show cause hearing, for which he provided no documentation.

### B. Coercive Sanctions

When imposing a coercive fine, courts consider (1) "the character and magnitude of the harm threatened by continued contumacy," (2) "the probable effectiveness of any suggested sanction in bringing about [compliance]," and (3) "the contemnor's ability to pay." Paramedics, 369 F.3d at 657–68 (2d Cir. 1982) (alteration in original) (internal quotation marks omitted). Here, Defendants' delay in complying with the information subpoenas has lasted for nearly six months and is delaying enforcement of a default judgment that is almost five years old. The Court deems the imposition of monetary sanctions necessary to secure Defendants' compliance with the subpoenas. Despite having been warned that noncompliance with the subpoenas could result in contempt, Defendants have not responded, nor did they appear at the October 23, 2019 show cause hearing. And although a contemnor may be excused from paying monetary sanctions if he lacks the financial ability to pay, see Paramedics, 369 F.3d at 658, the burden is on the contemnor to raise such a defense, see Dell Inc. v. Compudirect, Inc., 316 F. App'x 32, 34 (2d Cir. 2009). Here, Defendants have not contacted the Court at all, let alone raised their inability to pay as a defense to the imposition of monetary sanctions. The Court therefore imposes a fine, to be paid to the Clerk of Court, of $100 per day for each day of Defendants' continued noncompliance, beginning two weeks after the date of service of this Memorandum and Order. Because the fine is a coercive

measure imposed to obtain Defendants' compliance with the information subpoenas, Defendants' response to the information subpoenas will fully purge their contempt, and the per diem fine, if imposed at all, will be lifted.

## II. Arrest as a Sanction

"Arrest is an appropriate sanction for civil contempt as long as the confinement is conditioned upon compliance." Leser, 2011 WL 1004708, at *14 (citations omitted). In this case, Defendants were put on notice by Judge Reyes's order to show cause that arrest was a possible sanction. (D.E. # 16 at 5; see also D.E. # 17–20, 22, 23 (personal service of show cause order).) Nevertheless, Defendants have continued to defy court orders in this case.

That being said, because courts are to use the "least possible power adequate to the end proposed," Leser, 2011 WL 1004708, at *11 (quoting Shillitani, 384 U.S. at 371), this Court refrains at this time from granting Plaintiffs' request that they automatically be entitled to a warrant for Defendants' arrest if Defendants do not comply with the motion to compel within 30 days. Instead, if, by 30 days from personal service of this Memorandum and Order on Defendants, Defendants have failed to respond to the information subpoenas, Plaintiffs may at that time make an application for an arrest warrant.

## CONCLUSION

Having previously found Defendants in contempt of court, the Court now orders relief as follows:

(1) If, by two weeks from the date of personal service of this Memorandum and Order, Defendants have failed to respond in full to Plaintiffs' information subpoenas, they **shall be required to pay the Clerk of Court $100 per day** until they respond in full;

(2) Defendants shall pay Plaintiffs forthwith $2,202.50 in attorneys' fees in connection with Defendants' contempt;

(3) Defendants shall pay Plaintiffs forthwith $339.00 in connection with service of process costs; and

(4) if, by one month from the date of personal service of this Memorandum and Order, Defendants have failed to respond in full to Plaintiffs' information subpoenas, **Plaintiffs shall be permitted to move this Court to issue an arrest warrant for Amin**, individually and/or as a corporate officer of Nithun Construction, to bring Amin and/or Nithun Construction before this Court to explain the noncompliance. At that hearing, **Amin will also be ordered to show cause why his civil confinement in the Metropolitan Detention Center should not be ordered to coerce his compliance with the motion to compel.**

Plaintiffs are ordered to serve a copy of this Memorandum and Order on Defendants within ten days of its publication and to file proof of service on the docket.

SO ORDERED.

Dated: December 17, 2019
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge